JP:WDS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

| | |
|---|---|
| UNITED STATES OF AMERICA | C O M P L A I N T |
| - against - | (21 U.S.C. §§ 952(a) and 960) |
| FERNANDA AGRAMONTE and LEIDY VELOZ VALDEZ, | |
| Defendants. | |

- - - - - - - - - - - - - - - - -X

EASTERN DISTRICT OF NEW YORK, SS:

DEREK BERGMAN, being duly sworn, deposes and states that he is a Special Agent with United States Department of Homeland Security, Homeland Security Investigations ("HSI"), duly appointed according to law and acting as such.

Upon information and belief, on or about September 5, 2011, within the Eastern District of New York and elsewhere, the defendants FERNANDA AGRAMONTE and LEIDY VELOZ VALDEZ did knowingly, intentionally and unlawfully import into the United States from a place outside thereof a substance containing cocaine, a Schedule II controlled substance.

(Title 21, United States Code, Sections 952(a) and 960).

The source of your deponent's information and the grounds for his belief are as follows:[1/]

1. On or about September 5, 2011, the defendants FERNANDA AGRAMONTE and LEIDY VELOZ VALDEZ, traveling together, arrived at John F. Kennedy International Airport in Queens, New York, aboard JetBlue Airlines flight number 830 from Santiago, Dominican Republic.

2. The defendant FERNANDA AGRAMONTE was selected by Customs and Border Protection ("CBP") Inspectors for a customs enforcement examination. The inspector asked the defendant FERNANDA AGRAMONTE routine customs questions, and she stated that the luggage she was carrying was hers and that everything inside belonged to her.

3. The defendant FERNANDA AGRAMONTE then presented a pink, floral-print National Traveler carry-on bag and one Samsonite rolling suitcase. During the examination of the Samsonite rolling suitcase, the inspector noticed that the sides of the bag felt unusually thick. A probe of the side of the bag revealed a white, powdery substance that field-tested positive for cocaine. The defendant FERNANDA AGRAMONTE was then placed under arrest. The total gross weight of the cocaine in the

---

[1/] Because the purpose of this Complaint is to state only probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

defendant FERNANDA AGRAMONTE's luggage was approximately 2,929 grams.

4. The defendant LEIDY VELOZ VALDEZ was also selected for a customs enforcement examination. The inspector asked the defendant LEIDY VELOZ VALDEZ routine customs questions, and she stated that the luggage she was carrying was hers and that everything inside belonged to her.

5. The defendant LEIDY VELOZ VALDEZ then presented one Samsonite rolling suitcase for inspection. During the examination, the inspector noticed that the sides of the bag felt unusually thick. A probe of the side of the bag revealed a white, powdery substance that field-tested positive for cocaine. The defendant LEIDY VELOZ VALDEZ was placed under arrest. The total gross weight of the cocaine in the defendant LEIDY VELOZ VALDEZ's luggage was approximately 2,921 grams.

6. Following the defendants' arrest, the defendants were separately advised of their <u>Miranda</u> rights, which they each appeared to understand and agreed to waive. In separate interviews, the defendants then stated, in substance and in part, that they knew they were bringing drugs into the United States and that they expected to be paid approximately $8,000 each for doing so.

WHEREFORE, your deponent respectfully requests that the defendants FERNANDA AGRAMONTE and LEIDY VELOZ VALDEZ be dealt with according to law.

_____
DEREK BERGMAN
Special Agent
Homeland Security Investigations

Sworn to before me this
6th day of September, 2011

_____
THE HONORABLE ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK